IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANNA D. RICE, et al.,

    Plaintiffs,                                CIV. NO. S-04-0346 LKK GGH

    vs.

CITY OF VACAVILLE, et al.,

    Defendants.                            ORDER AND FINDINGS AND
                                                        RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for September 8, 2005, was defendants' motion to compel plaintiff Deanna Rice's deposition, and mental examination of plaintiffs Deanna Rice and Andrew Bedenfield Jr. At hearing, the parties were directed to submit statements regarding the issues of whether the case should be stayed due to an ongoing federal criminal prosecution involving the possibility that Ms. Rice would invoke the Fifth Amendment at her deposition, whether the action is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and the extent of ongoing mental distress of plaintiffs Deanna Rice and Andrew Bedenfield, Jr. in order to determine whether mental examinations are appropriate. Having received the parties' statements and reviewed the record, the court now issues the following order and findings and recommendations.

\\\\\

\\\\\

BACKGROUND

This case is proceeding on the complaint filed February 18, 2004. Plaintiffs allege that defendant officers unlawfully entered her home without a search warrant. Deanna Rice claims they searched the house while detaining her outside, and terrorized her minor children inside the house, causing Andrew Bedenfield, Jr. to suffer an asthma attack. They also allegedly took her personal property worth over $10,000. Claims are for violations of 42 U.S.C. § 1983 for unreasonable search and seizure, violation of custom, policy, and practice, and violation of civil rights; false arrest and imprisonment; conversion; violation of civil rights under California law; negligent infliction of emotional distress; and intentional infliction of emotional distress. Plaintiffs seek monetary damages.

Supplemental expert reports are to be filed by October 16, 2005. The discovery cutoff is November 25, 2005. Trial is set for August 1, 2006. Depositions of three police officer defendants are scheduled for October 3 and 4, 2005.

DISCUSSION

1. Magistrate Judge's Authority

Magistrates judge are without authority to stay actions absent consent. See, e.g. Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992); accord, State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985) (orders which restrain or direct the conduct of the parties not characterized as an appealable injunction unless the restraint goes to the merits of the action). An order to stay this action is an "injunction" beyond the undersigned's authority because it is not a decision on the merits of any claim nor otherwise dispositive of the case. Therefore, the decision whether to stay the case will require findings and recommendations.

2. Stay of the Action Due to Ongoing Criminal Prosecution

Plaintiff Deanna Rice is currently incarcerated and undergoing criminal prosecution based on the search at issue. Although, according to defendants, plaintiff has so far

refused to undergo deposition because she "is not in a good place right now" due to her incarceration, plaintiff represents that she would be willing to undergo a deposition in two parts. She could currently testify about matters not related to the contents of the house and car at 106 El Cerrito Way, or her relationship with Andrew Bedenfield, Sr. She states that in about three or four months, she could testify to all matters without invoking the Fifth Amendment. Rice's criminal defense attorney will be available on Mondays, or around Thanksgiving or Christmas, to attend her deposition. The prospect of such protracted proceedings raises the issue of whether the action should be stayed pending resolution of Rice's criminal matter.

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. <u>Federal Sav. & Loan Ins. Corp. v. Molinaro</u>, 889 F.2d 899, 902 (9th Cir.1989); <u>Securities & Exchange Comm'n v. Dresser Indus.</u>, 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." <u>Dresser</u>, 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'" <u>Id</u>. at 1375 (*quoting* <u>United States v. Kordel</u>, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 769 n. 27, 25 L.Ed.2d 1 (1970)).
>
> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." <u>Molinaro</u>, 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id. In addition, the decisionmaker should generally consider the following factors: 1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. <u>Id.</u> at 903.

<u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995).

Plaintiff argues that she is anxious to preserve the record regarding events which took place over two years ago. She contends that the issues here involve separate issues from

peripheral matters such as the contents of the house or car.

The prejudice to defendants outweighs any potential harm to plaintiff. Under plaintiff's proposal, defendants would have to depose her twice, allowing for her to shield unfavorable answers behind the Fifth Amendment on the first go round, possibly requiring defendants to file a motion to compel. Unlike in Federal Trade Commission v. J.K. Publications, Inc., 99 F. Supp.2d 1176, 1198 (C.D. Cal. 2000), the criminal charges here do not relate to acts occurring *after* the commencement of the civil case. Rather, the criminal charges are based on the search at issue here, which plaintiff claims to have been unlawful. Therefore, under Federal Trade Commission, the burden on Ms. Rice's Fifth Amendment privilege is not minimal.

Furthermore, as pointed out by defendants, plaintiff has not given a basis for her estimate of being able to fully testify at deposition in three to four months. The second part of the deposition most likely would take place after the November 25, 2005 discovery cutoff. This procedure would unnecessarily cause delays and costs to defendants. The potential cost to the court in terms of docket congestion as a result of discovery motions would also be significant. Judicial resources should not be expended to ensure that issues are resolved without obstruction by concerns of self-incrimination. Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y.2003). There is also the potential for problems caused to others involved in Rice's criminal case, such as her defense lawyer who will need to ensure that she does not incriminate herself, and the government, who will need to protect the integrity of its criminal investigation. Although the public has an interest in speedy resolution of cases, it also has an interest in efficient resolution of cases, and the potential for piecemeal litigation here is not efficient. The public also has an interest in maintaining the integrity of the outcome of both the criminal and the civil cases. Additionally, there may be factual issues common to both the criminal and civil cases, which may be conclusively determined in the criminal case, and thus pared down for the civil case. Bureerong v. Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996). Also, the extent of

\\\\\

applicability of Heck, if at all, will be more easily determined based on a complete criminal record.

CONCLUSION

Accordingly, IT IS ORDERED that defendants' August 18, 2005 motion to compel the deposition of Deanna Rice and mental examinations of Deanna Rice and Andrew Bedenfield, Jr., is vacated from the calendar.

For the reasons stated herein, IT IS RECOMMENDED that this action be stayed pending resolution of plaintiff Deanna Rice's criminal prosecution.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/4/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076

5